IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| GLENN CARTER,<br><br>        Petitioner,<br><br>   vs.<br><br>JAY INSLEE, GOVERNER;<br>BARBRA MADSEN, CHIEF<br>JUSTICE; RONLAD CARPENTER,<br>CLERK OF COURT; SUSAN<br>CARLSON, CLERK; LINDA<br>BROWN, DEPUTY; LINDA KRESE,<br>JUDGE; ELLEN FAIR, JUDGE;<br>MICKAEL DOWNES, JUDGE; MR.<br>DECKER, JUDGE; MR. CASE, WSP;<br>NORA STARR, COURT REPORTER;<br>DAVE OSTER, DEPUTY; MRS.<br>DOLAN, WSP; MR. ENGLISH,<br>WSDOL; MR. GAINES, DEPUTY;<br>MR. MORGAN, WSDOC; JOHN<br>LOVICK, SNOHOMISH COUNTY<br>SHERIFF; ERIC VAN HOOSER,<br>WSDOT; JOHN DOES and JANE<br>DOES,<br><br>        Respondents. | Cause No. CV 22-10-GF-BMM<br><br><br>ORDER |

Pro se Plaintiff Glenn Carter seeks to bring this civil right action under 42

U.S.C. § 1983, via a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  *See*,

(Doc. 1 at 1.)  Although Mr. Carter provides no basis for this procedural

mechanism, pursuing a Section 1983 action via habeas corpus, it matters not

because the complaint is improperly venued and will be dismissed.

It appears Mr. Carter is asking this Court to review proceedings that have taken place in the Ninth Circuit, the United States District Court for the Western District of Washington, the Snohomish County Superior Court, the Snohomish County District Court, and the Skagit County District Court. *See*, (Doc. 1 at 1) (caption referencing various legal proceedings.) The Section 1983 case that Mr. Carter filed in the Western District of Washington was dismissed by the district court because his complaint failed to state a plausible claim, the claims were barred by judicial or quasi-judicial immunity, or were time-barred.  On appeal, the Ninth Circuit affirmed dismissal, finding that the matter was properly dismissed.  *See*, *Carter v. Inslee*, 773 Fed. Appx. 926, (Mem) *926 (9th Cir. 2019) (unpublished). The Ninth Circuit further deemed unpersuasive Mr. Carter's claim that the Chief District Judge erred by denying his objection to the designation of the magistrate judge, resulting in the appearance of judicial impropriety.  *Id*. at *927.

Mr. Carter believes his civil action and appeal were dismissed due to procedural irregularities in violation of his right to due process.  *Id*. at 2.  It appears Mr. Carter was incarcerated by the Washington State Department of Corrections from February 3, 2012 until July 23, 2020.  *Id*. at 2.  Mr. Carter claims that in the underlying proceedings he demonstrated violations of his rights, including being subjected to police brutality, various human rights violations, and cruel and

unusual punishment. *Id.* at 2-3. Mr. Carter seeks this Court's de novo review of his prior cases and a mediation of his present claims. *Id.* He also suggests his supervision in Washington was unlawfully extended. *Id.* at 3. Finally, he indicates he was the victim of a vehicular assault in Seattle in July of 2021, and that the matter is currently under investigation. *Id.*

Venue may be raised by the Court *sua sponte* where the defendant has not filed a responsive pleading and the time for doing so has not run. *See*, *Costlow v. Weeks*, 790 F. 2d 1486, 1488 99th Cir. 1986). When jurisdiction is not founded solely on diversity, venue is proper in (1) the district in which any defendant resides, if all of the defendants resided in the same state; (2) the district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated; or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought. *See*, 28 U.S.C. § 1391(b); *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F. 2d 834, 842 (9th Cir. 1986).

"The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). The decision of whether to dismiss a case or transfer it is within the district court's discretion. *See*, *King v. Russell*, 963 F. 2d 1301, 1304 (9th Cir.

3

1992).

Mr. Carter's proposed complaint makes clear that all of his claims arise out of actions committed in Washington state. All of the Defendants named in Mr. Carter's complaint reside in Washington. It appears Mr. Carter's sole connection to the District of Montana is the fact that he is currently residing in Shelby, Montana. Venue is proper in the Western District of Washington, not in the District of Montana. *See*, 28 U.S.C. § 1391(b)(1)-(2).

Because venue is improper, the Court has the discretion to dismiss or transfer the case. *See*, *King*, 963 F. 2d at 1304. Although transfer is often preferred to dismissal, *Miller v. Hambrick*, 905 F. 2d 259, 262 (9th Cir. 1990), there are circumstances under which transfer is not in the interests of justice. The Ninth Circuit has held that a district court does not abuse its discretion in dismissing rather than transferring a case where the plaintiff appears to be improperly forum shopping or purposefully attempting to prosecute the case in an improper venue. *See*, *Johnson v. Payless Drug Stores NW., Inc.*, 950 F. 2d 586, 588 (9th Cir. 1991); *Wood v. Santa Barbara Chamber of Com., Inc.*, 705 F. 2d 1515, 1523 (9th Cir. 1983).

As set forth above, Mr. Carter's complaint presents no basis for venue in this District. Moreover, given his rather litigious nature, this does not appear to be a situation in which "by reason of the uncertainties of proper venue a mistake" has

been made.  *See*, *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 467 (1962).  As Mr.

Carter's own filings make clear, he has already sought and been denied relief in

various courts of Washington and at the Ninth Circuit.  Thus, it does not appear

that dismissing the present matter would cause unnecessary delay relative to any of

the present claims.  The Court finds, therefore, that dismissal, rather than

transferring the case, is appropriate.

Based on the foregoing, the Court enters the following:

### ORDER

1.  This matter is dismissed.  The Clerk of Court is directed to close this

matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil

Procedure.

2.  The Clerk of Court is directed to have the docket reflect that the Court

certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure

that any appeal of this decision would not be taken in good faith.

DATED this 9th day of February, 2022.

Brian Morris, Chief District Judge
United States District Court